# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | |
| v. | No. 3:17-cr-172 (SRU) |
| JAVON MORSE | |

## ORDER AND RULING ON MOTION FOR SENTENCE REDUCTION

Javon Morse, currently incarcerated in Allenwood Medium FCI ("Allenwood"), filed a motion for immediate release pursuant to the First Step Act.  Morse principally argues that the COVID-19 pandemic, together with the current outbreak at Allenwood and his underlying medical conditions, constitute "extraordinary and compelling reasons" warranting a sentence reduction to time served under 18 U.S.C. § 3582(c)(1)(A)(i).

The government opposes the motion on the grounds that:  (1) Morse has not sufficiently demonstrated that his risk of contracting COVID-19 is greater while incarcerated; and (2) the factors set forth in 18 U.S.C. § 3553(a) counsel against release in any event.

For the reasons that follow, I agree with Morse that immediate release is appropriate here. Morse's motion (doc. no. 48) is therefore **granted**.

## I.     Background

On August 8, 2017, Morse waived indictment and pled guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 842(b)(1)(B)(ii).  *See* Doc. Nos. 26, 28.  On December 22, 2017, I sentenced Morse to the mandatory minimum sentence of 60 months of imprisonment, to be followed by a term of four years of supervised release.  *See* Doc. Nos. 40, 41.  Morse's projected release date is February 4,

2022.  *See* FEDERAL BUREAU OF PRISONS, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited January 9, 2021).

Morse submitted a request for compassionate release to the Bureau of Prisons ("BOP") on September 1, 2020, which was denied.  *See* Mot. for Release, Doc. No. 48-1, at 1.  Morse, proceeding *pro se*, also filed a motion for release in this court on August 28, 2020.  *See* Doc. No. 47.  On December 21, 2020, Morse, through counsel, filed a supplemental motion.  *See* Doc. No. 48.  The government submitted an opposition on January 8, 2021.  *See* Doc. No. 51.

## II.      Standard of Review

The compassionate release statute, 18 U.S.C. § 3582, as amended by the First Step Act ("FSA") of 2018, authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The defendant bears the burden of proving that he or she is entitled to a sentence reduction.  *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

Unlike prior versions of the statute, which vested the exclusive authority to bring a motion for compassionate release with the Director of the BOP, section 3582(c)(1)(A) now permits imprisoned individuals to petition the courts for sentence reductions, even if the BOP opposes the request.  *See United States v. Brooker*, 976 F.3d 228, 231–33 (2d Cir. 2020).  The statute specifically instructs that a court may reduce a sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  18 U.S.C. § 3582(c)(1)(A).

As the Second Circuit recently announced in *Brooker*, district courts evaluating First Step Act motions brought directly by defendants are therefore not bound by U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, which addresses only motions for relief brought by the Director of the BOP.  *See Brooker*, 976 F.3d at 230, 235–37 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").  Instead, the *Brooker* Court concluded, the First Step Act authorizes courts to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them."  *Id*. at 237.

## III.    Discussion

### A.    "Extraordinary and Compelling" Circumstances

Since the outbreak of the COVID-19 pandemic, courts within this circuit and across the country have concluded that "extraordinary and compelling" circumstances exist when an incarcerated defendant suffers from health conditions that make him particularly susceptible to serious complications should he contract COVID-19.  *See, e.g., United States v. Colvin*, 451 F. Supp. 3d 237, 241 (D. Conn. 2020) (holding that extraordinary and compelling reasons justified immediate release under section 3582(c)(1)(A) because the defendant suffered from "diabetes, a serious medical condition which substantially increases her risk of severe illness if she contracts COVID-19") (internal quotation marks, citations, and alteration omitted).

---

[1] The government does not dispute that Morse has exhausted his administrative remedies.  *See* Opp. to Mot. for Release, Doc. No. 51, at 9.

As set forth in Morse's motion, and as corroborated by his medical records, Morse suffers from asthma and obesity. *See* Doc. No. 50. The CDC, however, recognizes only moderate-to-severe asthma as a comorbidity that might elevate one's risk of serious illness from COVID-19, and I am unable to glean from the medical records whether Morse's asthma qualifies as such. *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Jan. 9, 2021). For instance, although Morse's asthma was described as "step one asymptomatic" in February 2018, Morse has a current prescription for an Albuterol inhaler, which he claims to use four times a day. *See* Doc. No. 50, at 1, 4; Doc. No. 48, at 3.

I need not resolve that factual question, however, because the CDC classifies obesity (with a BMI of over 30) as a condition that heightens the likelihood of severe illness from COVID-19, and it is apparent from Morse's medical records that he is obese. *See, e.g.,* Doc. No. 50, at 6 (noting a BMI of 30.4 as of June 10, 2020). Because Morse therefore faces an increased risk of serious complications if he contracts COVID-19, he has sufficiently demonstrated extraordinary and compelling circumstances warranting his release. *See Colvin*, 451 F. Supp. 3d at 241.

Also of significance, Allenwood is currently experiencing a COVID-19 outbreak, and several courts have observed that such a circumstance can further support the existence of extraordinary and compelling reasons justifying release. *See, e.g.*, *United States v. Sturdivant,* 2020 WL 6875047, at *4 (D. Conn. Nov. 23, 2020); *accord United States v. Park*, 456 F. Supp. 3d 557, 561 (S.D.N.Y. 2020) ("The Court's concern with Ms. Park's health during this time is greatly exacerbated by her place of incarceration."). Indeed, 137 inmates and 24 staff members at Allenwood currently test positive for COVID-19; 378 inmates and 14 staff have recovered. *See COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited

Jan. 9, 2021).  Allenwood's significant outbreak, coupled with the unique challenges presented for control of COVID-19 in correctional facilities due to the close living quarters, further merits Morse's release.

B. Section 3553(a) Factors

That extraordinary and compelling circumstances exist, of course, does not end my inquiry.  In order to grant the relief Morse seeks, I must also determine whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction in his sentence.  Under section 3553(a), I must impose a sentence that is sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with training, medical care, and other treatment in the most effective manner.  18 U.S.C. § 3553(a)(2).  I must also weigh other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant.  *See id.* § 3553(a)(1).

After considering the relevant factors, I conclude that a sentence of time served would be sufficient, but not greater than necessary, to comport with the goals of sentencing.  Although Morse's crime was serious, he has no criminal history of any kind.  *See* Doc. No. 33, at ¶¶ 33–38.  He has, further, been incarcerated since May 24, 2017 and has therefore served a substantial portion—nearly 75%—of his sentence, excluding any good time.

Although Morse has received several disciplinary tickets for using or possessing drugs throughout his incarceration, he has not committed any infractions in almost one year.[2]  *See* Doc. No. 51-1, at 1 (denoting February 23, 2020 as the most recent "sanctioned incident date").

---

[2] Although the government suggests that Morse's most recent infraction occurred in July 2020, the disciplinary records illustrate that July 2020 is when the disciplinary hearing—rather than the sanctioned incident—took place.  *See* Doc. No. 51-1, at 1.

Moreover, I am persuaded that any remaining substance use problems can be properly addressed on supervised release through treatment, and I have already imposed substance abuse treatment as a condition of Morse's supervised release.  *See* Doc. No. 41, at 1.  Morse has also proposed GPS monitoring as part of his release plan, which will further ensure that the public is protected from any future crimes.  *See* Doc. No. 48, at 5.

## IV.     Conclusion

For the foregoing reasons, Morse's motion for a sentence reduction (doc. no. 48) is **granted**, and his *pro se* motion for compassionate release (doc. no. 47) is **denied as moot**.  His motion to seal his medical records (doc. no. 49) is also **granted**.  I reduce Morse's sentence to time served, and he shall be immediately released from BOP custody.

Upon release, Morse shall commence serving his four-year term of supervised release with the conditions that I already imposed, in addition to GPS monitoring for the first six months.  *See* Doc. No. 41.  Morse must contact the United States Probation Office as soon as possible, but in no event later than 72 hours after his release.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 12th day of January 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge